**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BOARD OF TRUSTEES OF THE AUTOMATIC SPRINKLER LOCAL 281, U.A. INDUSTRY WELFARE FUND; and SPRINKLER FITTERS LOCAL UNION NO. 281, | ) ) ) ) | Case No.: 1:26-cv-3248 |
| Plaintiffs, | ) ) ) | Judge: |
| vs. | ) ) ) | Mag. Judge: |
| FIRE GUARD OF ILLINOIS, INC., a dissolved Illinois corporation, and SHAWN CARROLL, a sole proprietor doing business as FIRE GUARD OF ILLINOIS, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

**COMPLAINT**

NOW COME Plaintiffs, the BOARD OF TRUSTEES OF THE AUTOMATIC SPRINKLER LOCAL 281, U.A. WELFARE FUND ("Trustees"), and the SPRINKLER FITTERS LOCAL UNION NO. 281 ("Union"), by and through their attorneys, JOHNSON & KROL, LLC, complaining of Defendants FIRE GUARD OF ILLINOIS, INC. and SHAWN CARROLL, a sole proprietor doing business as FIRE GUARD OF ILLINOIS, INC. (collectively "Fire Guard"), and allege as follows:

**JURISDICTION AND VENUE**

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act. (29 U.S.C. § 186). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the Automatic

Sprinkler Local 281, U.A. Welfare Fund ("Welfare Fund") is administered at 11900 S. Laramie Avenue, Alsip, Illinois 60803, and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

**PARTIES**

3. The Welfare Fund receives contributions from numerous employers pursuant to various collective bargaining agreements between employers and the Union and, therefore, is a multiemployer plan under 29 U.S.C. § 1002.

4. The Welfare Fund was established and is administered pursuant to the terms and provisions of certain its Agreement and Declaration of Trust ("Trust Agreement").

5. Pursuant to Sections 502(a)(3) and 515 of ERISA (29 U.S.C. §§ 1132 and 1145), Plaintiffs, the Trustees of the Welfare Fund, are fiduciaries to the Welfare Fund and are authorized to bring this action on behalf of their participants and beneficiaries for the purpose of enforcing contributing employer's obligations to the Welfare Fund, including the obligation to comply with the Welfare Fund's requests for a payroll compliance audit.

6. The Union is the bargaining representative of Defendant Fire Guard's bargaining unit employees.

7. FIRE GUARD OF ILLINOIS, INC. is a dissolved Illinois corporation with its principal place of business located in McHenry, Illinois.

8. On or about January 1, 2025, SHAWN CARROLL retained 100% ownership of all outstanding stock of FIRE GUARD OF ILLINOIS, INC.

9. Following its dissolution, SHAWN CARROLL, began operating as a sole proprietor and is doing business as FIRE GUARD OF ILLINOIS, INC.

**COUNT I**
**BREACH OF THE CBA AND TRUST AGREEMENTS**

10. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-9 of this Complaint with the same force and effect as if fully set forth herein.

11. Fire Guard is an employer engaged in an industry affecting commerce.

12. On July 31, 2024, Fire Guard became signatory to a Subscription Agreement with the Union. (A copy of the Subscription Agreement is attached to this Complaint as **Exhibit 1**).

13. Through the Subscription Agreement, Fire Guard is bound to the areawide collective bargaining agreement between the National Fire Sprinkler Association and the Union ("CBA"). (A copy of the CBA is attached to this Complaint as **Exhibit 2**).

14. Through the CBA, Fire Guard is bound to the terms of the Welfare Fund's Trust Agreement ("Trust Agreement"). (A copy of the Trust Agreement is attached to this Complaint as **Exhibit 3**).

15. Pursuant to the CBA and the Trust Agreement, Fire Guard is required to make monthly reports of hours worked by its sprinkler fitter employees and pay contributions to the Welfare Fund at the negotiated rate for each hour worked. (**Exhibit 3**).

16. Pursuant to 2020 CBA, Fire Guard is required to make monthly reports of hours worked by its sprinkler fitter employees and pay contributions for the International Training Fund and the Labor Management Cooperation Committee at the negotiated rate to the Union, their collection agent.

17. Pursuant to the CBA and check-off cards signed by Defendant Fire Guard's sprinkler fitter employees, Defendant Fire Guard is required to deduct union dues payable to the Union Protection Fund at the require rate and remit said dues to the Union.

18. The monthly reports, contributions and dues required be paid as set forth in paragraphs 14 through 16 above during all times relevant were due on or before the 15th day of the calendar month following the calendar month during which the work was performed.

19. Pursuant to Section 502(g)(2) of ERISA, the 2020 CBA and/or the Trust Agreement, employers who fail to submit their monthly reports, contributions and dues to the Welfare Fund and the Union on a timely basis are responsible for the payment of liquidated damages equal to ten percent (10%) of the amount unpaid and interest at an annual rate of twelve percent (12%) per annum, plus any reasonable attorney's fees, audit fees, and costs of maintaining suit.

20. Article XXI of the CBA provides:

> "It is mutually agreed that the subscribers to this Agreement (members of the National Fire Sprinkler Association, Inc. and other contractors who subscribe to this Agreement) hereby authorize the Trustees of the Health and Welfare Fund. . . to audit the payroll records (all necessary related materials and books) to ascertain that each contractor is making proper contributions to the Funds as set forth in this Agreement."

**(Exhibit 2)**.

21. Pursuant to the authority granted to the Welfare Fund under the Trust Agreement, the Trustees of the Welfare Fund adopted a Restatement of Collection Procedures ("Collections Policy"). (A copy of the Collections Policy is attached as **Exhibit 4**).

22. Article VI, Section 4 of the Trust Agreement provides:

> "The Trustees may, at any time, designate a qualified representative to conduct an audit of the payroll, wage, and other records of any Employer to permit the Trustees to determine whether the Employer is making full and correct payments to the Trust Fund in the amounts required by the Collective Bargaining Agreement."

(**Exhibit 3**).

23. The Collections Policy contains similar language regarding the Trustees' authority to

conduct a payroll compliance audit. (**Exhibit 4**).

24. Pursuant to the authority granted to the Trustees in the CBA and Trust Agreement, the Welfare Fund sought to conduct a payroll compliance audit of Fire Guard for the period of January 1, 2023, through September 30, 2025.

25. The Welfare Fund's independent payroll compliance auditors requested on multiple occasions that Fire Guard produce certain records in its exclusive possession to conduct the audit.

26. Fire Guard's former owners provided Welfare Fund's independent payroll compliance auditors with the records requested through January 2025. However, Fire Guard's current owner, SHAWN CARROLL, has refused to produce records of Fire Guard since he retained the ownership stake, including the following records:

    A. Fire Guard's weekly payroll hours with a breakdown of hours and gross wages for the period of January 22, 2025, through September 30, 2025;

    B. Fire Guard's quarterly Forms 941 and SUTA Reports for Q1, Q2 and Q3 of 2025;

    C. Fire Guard's accounts payable register for the period of January 2025 through September 2025; and

    D. A completed Compliance Audit Information Sheet.

27. The Welfare Fund has made repeated demands for Fire Guard to produce the remaining records necessary to complete the audit. However, Fire Guard has failed to comply with such demands.

28. Fire Guard is obligated to pay any contribution deficiencies revealed to be due and owing by the audit, along with the resulting liquidated damages, interest, and audit fees.

29. Fire Guard has an ongoing obligation under the CBA to pay contributions on behalf of its

covered employees to the Welfare Fund; thus, additional contributions, liquidated damages, and interest may become due and owing.

30. The Welfare Fund has been required to employ the undersigned counsel to enforce Fire Guard's compliance with the Welfare Fund's requests to conduct a payroll compliance audit.

31. Fire Guard is obligated to pay the reasonable attorneys' fees and court costs incurred by Plaintiffs pursuant to the CBA, Trust Agreement, Collection Policy, and 29 U.S.C. § 1132(g)(2)(D). (**Exhibits 2-4**).

**WHEREFORE**, Plaintiffs respectfully request:

A. That Defendant Fire Guard be ordered to produce all records necessary for the Welfare Fund's auditors to complete a payroll compliance audit for the period of January 1, 2023, through September 30, 2025;

B. That Judgment be entered in favor of Plaintiffs and against Defendant Fire Guard in an unknown amount for any and all contributions underpayments revealed to be due and owing by the audit, along with the resulting liquidated damages and interest;

C. That Judgment be entered in favor of Plaintiffs and against Defendant Fire Guard for any other contributions, liquidated damages, and interest that are found to be due and owing in addition to the amounts referenced in paragraph B above;

D. That Judgment be entered in favor of Plaintiffs and against Defendant Fire Guard in an unknown amount for any and all audit fees associated with the audit;

E. That Defendant Fire Guard be ordered to pay the reasonable attorneys' fees and costs incurred by Plaintiffs pursuant to the Trust Agreement and 29 U.S.C. § 1132 (g)(2)(D); and

F.    That Plaintiffs have such other and further relief as the Court may deem just and equitable all at Defendant Fire Guard's cost pursuant to 29 U.S.C. § 1132(g)(2)(E).

Respectfully Submitted,

**BOARD OF TRUSTEES OF THE AUTOMATIC SPRINKLER LOCAL 281, U.A WELFARE FUND** *et al.*

By:    /s/ Jeffrey A. Krol – 6300262
One of Plaintiffs' Attorneys

Jeffrey A. Krol
JOHNSON & KROL, LLC
141 West Jackson Blvd., Suite 2055
Chicago, Illinois 60604
(312) 757-5465
jeffkrol@johnsonkrol.com